IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00656–KMT

JOSEPH G. SANDOVAL,

    Plaintiff,

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

## **ORDER**

---

This matter comes before the court on review of the Commissioner's denial of Plaintiff Joseph G. Sandoval's application for supplemental security income under Title XVI of the Social Security Act. (*See generally* Doc. No. 11, Social Security Administrative Record ["AR"].)

Plaintiff filed his opening brief on June 15, 2017 (Doc. No. 15 ["Opening Br."]). Defendant filed his response on July 16, 2017 (Doc. No. 16 ["Resp."]), and a reply was filed on July 21, 2017. (Doc. No. 17 ["Reply"].) Jurisdiction is proper under 42 U.S.C. § 405(g).

**FACTUAL AND PROCEDURAL BACKGROUND**

In denying Plaintiff's claim, Commissioner found Plaintiff not disabled under the Social Security Administration's regulations ("SSA"). (AR 11, 167-75, 194).) The Appeals Council denied Plaintiff's subsequent request for review, thereby rendering the ALJ's decision final for purposes of judicial review. (AR 1-6.)

In determining disability, the ALJ used the five-step sequential evaluation process.[1] After reviewing the record, the ALJ found that Plaintiff had severe impairments that included alcohol dependence with alcohol related seizures, generalized anxiety disorder, cannabis dependence, and chronic pulmonary disease. (AR 13.) However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. When turning to Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing a full range of work at all exertional levels but with some limitations as to ladders, heights, machinery and pulmonary irritants. Regarding mental limitations, the ALJ found Plaintiff capable of performing no more than moderately complex instructions, no frequent or prolonged social interactions, and no fast-paced production work. (AR 19-33.) Based upon vocational expert testimony, the ALJ concluded that Plaintiff could perform work existing in the national economy and was thus not disabled within the meaning of the Act. (AR 33-34.)

## STANDARD OF REVIEW

To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995). Review of the Commissioner's disability decision is limited to determining whether the ALJ (1) applied the correct legal standard, and (2) whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d

---

[1] Step one determines work activity, step two determines severity of claimed impairments, step three determines a presumptive disability, step four determines whether the claimant can still perform her "past relevant work," and step five determines if the claimant can do work other than her past relevant work. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988) (detailing five steps). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). And as the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant is represented by counsel. *Id.* at 480.

## ANALYSIS

Plaintiff raises several issues for consideration—primarily challenging the weight afforded to Plaintiff's medical care providers. Plaintiff also contends that the ALJ's RFC analysis is infected with error because of inconsistencies between substantial evidence in the record and the RFC determination. The court finds Plaintiff's arguments persuasive.

**A. The ALJ Erred in Formulating the RFC**

The RFC determination is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most a claimant can do despite his limitations. *Id*. Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and

laboratory findings, and medical source statements. Soc. Sec. Ruling (SSR) 96–8p (July 2, 1996). An ALJ must make specific RFC findings based on all of the relevant evidence in the case record. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996):

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence ... the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis … and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Plaintiff challenges the ALJ's findings by contending that the ALJ erred in the RFC formulation because it did not adequately reflect Dr. Rhiannon Sandburg's opinion that Plaintiff can perform "medium work".[2] (AR 19.) The ALJ afforded Dr. Sandburg "great weight." *Id.* Plaintiff contends that failure to include the medium work limitation would likely have an effect on his ability to perform past relevant work. Plaintiff contends that because this limitation was not tracked to the RFC (without explanation), the ALJ's RFC determination was made in error.[3]

The court agrees with Plaintiff's position. *First*, by crediting Dr. Sandburg's opinion with great weight, the ALJ's failure to incorporate the medium work limitation into the RFC constitutes reversible error. Indeed, it is illustrative of the 'picking and choosing' of evidence

---

[2] The ALJ does not make reference to Dr. Sandburg's precise medical credentials other than to say that the she is a "medical consultant with the Disability Determination Services." (AR 19.) Given her medical background, the court has no reason to treat her opinion differently from other medical sources in the record; ever more so when Dr. Sandburg is a consultant of the SSA itself.

[3] Despite Defendant protestations to the contrary, this argument was not waived. *See Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003). While Plaintiff could have more squarely articulated the argument in its opening brief, it was sufficiently raised. Plaintiff further supplemented his position on this issue in reply briefing.

that Tenth Circuit authorities have traditionally shunned. Those same authorities have equal force here. *See Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir.2007) (stating that "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability" while ignoring those parts that are not).

*Second*, the ALJ fails to "explain how material inconsistencies … in the case record were considered and resolved." SSR 96–8p. Here, the inconsistency is between Dr. Sandburg's *medium work* limitation and the ALJ's RFC *full work* limitation.[4] The inconsistency is only compounded by the fact that the ALJ afforded Dr. Sandburg "great weight." (AR 17.) Thus, the error not only lies in the failure to incorporate Dr. Sandburg's limitation into the RFC determination, but the ALJ's failure to "explain . . . material inconsistencies . . . in the case record." SSR 96–8p.

In sum, because of the abovementioned inconsistencies—and because the RFC determination lacks a limitation (unexplained) that goes to the types of jobs that Plaintiff could be employed in—reversal and remand is warranted.

---

[4] "[I]n order for an individual to do a full range of work at a given exertional level, such as sedentary, the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level. Therefore, it is necessary to assess the individual s capacity to perform each of these functions in order to decide which exertional level is *appropriate and whether the individual is capable of doing the full range* of work contemplated by the exertional level . . . Initial *failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case*." SSR 96-8p. (emphasis added.)

### B. SSR 06-03p Factors as Applied to Non-Treating Physician Professionals

Plaintiff contends that the ALJ committed reversible error by improperly rejecting the opinion(s) of Darryl Lacy, PA-C and Shanalee McGhee, CAC III, NLC.[5] Specifically, Plaintiff contends that the ALJ failed to address the following factors when weighing each opinion for the purposes of determining Plaintiff's mental and physical limitations—including: "(1) How long the source has known and how frequently the source has seen the individual; (2) How consistent the opinion is with other evidence; (3) The degree to which the source presents relevant evidence to support an opinion; (4) How well the source explains the opinion; (5) Whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) Any other factors that tend to support or refute the opinion." *See*, SSR 06-03p, 71 Fed. Reg. 45,593, 45,595 (Aug. 9, 2006); *see also*, *Wall*, 561 F.3d at, 1052 (stating that failure to apply correct legal standards constitutes reversible error). These factors apply to both physician assistants (Mr. Lacy) and registered psychotherapists (Ms. McGhee). Tellingly, SSR 06-03p further provides:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. ***Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file***.

---

[5] Shanalee McGhee is a Certified Addiction Counselor III (CAC III) and a Registered Psychotherapist (NLC). See Colorado Dept. of Regulatory Agencies, Division of Professions & Occupations, "Verify a Colorado Professional or Business License," available at https://apps.colorado.gov/dora/licensing/Lookup/LicenseLookup.aspx (last visited March, 14, 2018).

SSR 96–8p. (emphasis added.) In the present context, where "rural communities in Colorado do not have an abundance of specialists and physicians"[6] to treat patients such as Plaintiff, this further exposition of SSA policy resonates with Plaintiff's position.

In applying the above, the court holds that the ALJ failed to properly analyze the standards set out in SSR 06-03p. *First*, there is no reference to Ms. McGhee in the decision despite the fact that she would be considered a relevant source under SSR 06-03p. This error, alone, warrants reversal and remand given the Plaintiff's treatment from Southeast Mental Health Services where Ms. McGhee is employed. (AR 416-422.)

*Second*, and at a more granular level, there is no reference to the fact that Mr. Lacy has been treating Plaintiff since September 25, 2013 (AR 324)—and repeatedly treated Plaintiff through 2015. (AR, 428, 459-464, 479, 495-96.) This longitudinal record (and frequency of treatment) would clearly bolster the weight afforded to Mr. Lacy's opinion *vis-à-vis* other factors. Indeed, the SSA's own policy directive only serves to reinforce the result against Defendant, making the ALJ's error all the more grave. *See* SSR 06-03p ("[P]hysician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.")

*Third*, consistency (factor (2)) lies between Mr. Lacy and Ms. McGhee's opinions as to Plaintiff's mental limitations, presumably bolstering each opinion under SSR 06-03p—yet this is not addressed in the ALJ's decision. This material error further necessitates the need for remand

---

[6] Reply at 4; *see also* John Ingold, *Colorado Divide: In Rural Colorado, Doctors Are Retiring And Dying — And No One Is Taking Their Place*, January 30, 2018: https://www.denverpost.com/2017/12/10/colorado-divide-rural-health-care/ (last visited March 14, 2018)

7

and reconsideration of the ALJ's analysis. *See* SSR 06-03p (factor (2) requiring analysis of "how consistent the opinion is with other evidence").

In sum, because the ALJ's decision does not accord with the standards set out in SSR 06-03p, the court must reverse and remand the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner for rehearing in accordance with this Order. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 16th day of March, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge